IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

FILED
JUL 29 2009

JIMMIE E. EVANS,
    Plaintiff,

v.

MICHAEL J. ASTRUE,
    Defendant.

CV-05-6040-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    This action was filed against defendant Michael A. Astrue, Commissioner of Social Security, by plaintiff Jimmie Evans on February 14, 2005. Evans sought review of the Commissioner's decision finding Evans not disabled for purposes of entitlement of Social Security Income benefits. On September 20, 2006, I recommended that the Commissioner's decision be affirmed, and on October 13, 2006, Judge King adopted my recommendation and affirmed the Commissioner's decision. Evans appealed the district court's decision on December 6, 2006, and on March 25, 2009, the Court of Appeals for the Ninth Circuit reversed and remanded for further administrative proceedings. The parties agree that Evans prevailed in those further proceedings, and obtained SSI benefits. Now before the court is Evans' motion (#31) for attorney fees. I have considered the parties' briefs and all of the evidence in the record. For the reasons set forth below, Evans' motion is granted, and Evans is awarded attorney fees in the total amount of $9,709.32.

Page 1 - OPINION AND ORDER

## ANALYSIS

### I. Plaintiffs' Entitlement to Award of Attorney Fees and Costs

Evans moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). For purposes of Section 2412, a party eligible for award of fees must be:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or
>
> (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501 (c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j (a)), may be a party regardless of the net worth of such organization or cooperative association or for purposes of subsection (d)(1)(D), a small entity as defined in section 601 of title 5. . . .

28 U.S.C. § 2412(d)(2)(B). Here, it is undisputed that Evans falls within the scope of Section 2412(d)(2)(B)(ii). Moreover, the record establishes that Evans' fee petition was timely filed. The Commissioner concedes that Evans was the prevailing party, and that, in light of errors committed by the Administrative Law Judge who considered Evans' administrative appeal, the government's position was not substantially justified. Evans is therefore entitled under the EAJA

Page 2 - OPINION AND ORDER

to his attorney fees and costs reasonably incurred in connection with this action, both at the district court level and on appeal.

## II. Attorney Fees

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

In the course of this litigation, Evans relied on the services of three attorneys, Kathryn Tassinari, Mark Manning, and Robert Baron. According to the time records submitted in support of Evans' petition, Evans' attorneys expended 16.90 hours in litigation of the merits of his request for judicial review at the district court level (2.50 hours in 2005 and 14.40 hours in 2006), 40.70 hours in litigation of Evans' appeal before the Ninth Circuit (4.35 hours in 2006, 31.60 hours in 2007, 3.75 hours in 2008, and 1.00 hours in 2009), and 1.25 hours in litigation of this fee dispute (in 2009). Evans requests that his attorneys' expenditures of time be compensated at hourly rates of $157.35 for work performed in 2005, $161.85 for work performed in 2006, $166.46 for work performed in 2007, $168.59 for work performed in 2008, and $172.85 for work performed in 2009. All told, Evans requests an award of $9,709.32 in attorney fees, of which $9,493.26 represents compensation for time spent litigating the merits of this action, and $216.06 represents compensation for time spent litigating the fee dispute now before the court.

### A. Hours Reasonably Expended

The Commissioner challenges, without particularity, the reasonableness of the hours expended by Evans' counsel. Beyond and in addition to the Commissioner's generalized objection, however, this court bears a responsibility to scrutinize Evans' fee petition

independently for reasonableness. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-946 (9th Cir. 2007) (same).

Analysis of the time records submitted in support of Evans' fee petition establishes that the Commissioner's general objection of unreasonableness is not well taken. The time expenditures of Evans' attorneys were unreasonable neither in the aggregate nor at the level of any individual time entry. The approximately 17 hours expended in litigation of the merits at the district court level, 41 hours expended before the Ninth Circuit, and one hour expended litigating fees on fees, constitute an efficient and reasonable expenditure of attorney time.

Nevertheless, the submitted time records are troubling for other reasons. First, and perhaps most saliently, the time records do not identify the timekeepers who performed each

Page 4 - OPINION AND ORDER

recorded task. The failure to specify which timekeeper performed each task greatly impairs my ability to analyze the time entries for redundancy and duplicativeness. Evans' memorandum in support of his petition contains the statement that conferences attended by more than one attorney were billed by only one of the attorneys present, but the record contains no evidence on this issue, and the time records themselves permit no definitive conclusion.

Second, it is only by reading the time entries liberally in Evans' favor that it is possible to avoid the conclusion that time entries collectively constituting approximately half of the hours billed should be excluded in their entirety from the lodestar calculation as instances of impermissible block billing, *see, e.g., Hells Canyon Pres. Council v. United States Forest Serv.*, No. CV-00-755-HU, 2004 US Dist LEXIS 17113, *21-22 (D. Or. August 18, 2004); *Frevach Land Co. v. Multnomah County*, No. CV-99-1295-HU, 2001 US Dist LEXIS 22255, *34 (D. Or. December 18, 2001); *Oberdorfer v. Glickman*, No. CV-98-1588-HU, 2001 US Dist LEXIS 14677, *12-13 (D. Or. September 14, 2001) or for inadequate specification of tasks performed, *see, e.g., Frevach*, 2001 US Dist LEXIS 22255 at *45. Fee petitioners are obliged to employ both good billing judgment and reasonable billing practices in seeking to shift their costs to a party opponent, and Evans' efforts to meet these standards here have not been as effective as they might have been.

Nevertheless, in light of the patent overall reasonableness of Evans' fee request, I find that Evans is entitled to compensation for all 58.85 of the hours expended by his attorneys in the course of this litigation. Specifically, Evans is entitled to compensation for 2.5 hours expended in 2005, 18.75 hours expended in 2006, 31.6 hours expended in 2007, 3.75 hours expended in 2008, and 2.25 hours expended in 2009.

Page 5 - OPINION AND ORDER

**B.   Reasonable Rate**

As noted above, Evans requests that his attorneys' time be compensated at hourly rates of $157.35 for work performed in 2005, $161.85 for work performed in 2006, $166.46 for work performed in 2007, $168.59 for work performed in 2008, and $172.85 for work performed in 2009. Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Evans does not seek any "special factor" increase in the statutory rate cap, but does seek adjustment based on increases in the cost of living.

To adjust the EAJA statutory fee cap for increases in the cost of living, the courts of the Ninth Circuit multiply the statutory rate cap of $125 times the appropriate consumer price index for urban consumers ("CPI-U") for the year in which the fees were incurred, then dividing that quotient by the CPI-U for the month in which the cap was imposed (March 1996). *See Sorenson*, 239 F.3d at 1148. I take judicial notice that the United States Department of Labor's Bureau of Labor Statistics has published a CPU-I for the Western states of 156.4 for March 1996, of 198.9 for 2005, of 205.7 for 2006, of 212.23 for 2007, of 219.646 for 2008, and of 217.786 for the first half of 2009. The applicable statutory rate caps as adjusted for increases in the cost of living are, therefore, $158.97 for 2005, $164.40 for 2006, $169.62 for 2007, $175.55 for 2008, and $174.06 for the first half of 2009. Because each of these adjusted rate caps is in excess of the rates Evans has requested for his attorneys, the requested rates are necessarily reasonable for EAJA purposes.

### C. Calculation and Adjustment of the Lodestar Figure

#### 1. The Lodestar Product

The product of the 2.5 hours reasonably expended by Evans' counsel in 2005 and the requested hourly rate of $157.35 is $393.38; the product of the 18.75 hours reasonably expended in 2006 and the requested hourly rate of $161.85 is $3,034.69; the product of the 31.6 hours reasonably expended in 2007 and the requested hourly rate of $166.46 is $5,260.14; the product of the 3.75 hours reasonably expended in 2008 and the requested hourly rate of $168.59 is $632.21; and the product of the 2.25 hours reasonably expended in 2009 and the requested hourly rate of $172.85 is $388.91. Thus, the lodestar calculation results in a total of $9,709.32 in attorney fees reasonably incurred in the course of litigating this action.

#### 2. Adjustment

It is the fee claimant's burden to prove the reasonableness of the lodestar amount. *See Pennsylvania*, 478 U.S. at 563-64. The factors that may properly be considered in determining and evaluating the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See, e.g., Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors which are applicable need be addressed. *See, e.g., Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

Page 7 - OPINION AND ORDER

It is within the discretion of the trial court judge to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

I do not find that adjustment of the lodestar figure is warranted here. I therefore award Evans' attorney fees in the lodestar amount provided above, specifically $9,709.32.

## CONCLUSION

For the reasons set forth above, Evans' motion (#31) is granted, and the Commissioner is ordered to pay Evans' attorney fees in the amount of $9,709.32.

Dated this 29th day of July, 2009.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

Page 8 - OPINION AND ORDER